330 P.2d 547

**Matter of the Application of Eugene HOBSON and W. Fields Waller for Permit to Change Location of Wells.**

No. 6409.

Supreme Court of New Mexico.

Oct. 7, 1958.

Bean, Osborn & Snead, Roswell, for Hobson.

T. T. Sanders, Jr., Roswell, for Waller.

Fred M. Standley, Atty. Gen., Charles D. Harris, Sp. Asst. Atty. Gen., for State Engineer.

James W. Stagner, Carlsbad, amicus curiæ.

COMPTON, Justice.

This is an appeal from a judgment of the District Court of Chaves County denying applications to change the locations of wells and places of use of underground waters of the Roswell Artesian Basin. The applicable statute, § 75–11–7, 1953 Comp., reads:

"The owner of a water right may change the location of his well or change the use of the water, but only upon application to the state engineer and upon showing that such change or changes will not impair existing rights and to be granted only after such advertisement and hearing as are prescribed in the case of original applications."

Appellants, owners of water rights in the Basin, made separate applications to the State Engineer for permits to change locations of their wells, which were denied by him. They were consolidated, and at a hearing on appeal, the trial court sustained the action of the State Engineer in denying the applications and found "that the proposed moves will impair existing rights in the Roswell Artesian Basin." Judgment was entered accordingly and they appeal.

■ The burden of proof was on appellants to show that the proposed changes would not impair existing rights. Spencer v. Bliss, 60 N.M. 16, 287 P.2d 221. Not only is there a failure of proof in this respect, but the evidence is all the other way.

There is evidence that the distance from the moved-from to the moved-to area is some 20 miles; that the waters of the basin move generally from north to south; and that the upper part of the basin, the moved-to area, cannot be replenished once the waters pass it. A map introduced in evidence discloses that the moved-from locations and moved-to locations are near the center of definite depressions into which waters move from all directions; that the moved-from area shows a decline in water table of approximately 50 feet over a period of 15 years; that during the same period, the moved-to area shows a decline of some 10 feet. In fact the parties stipulated that the declines in the water table in the moved-from area for the years 1940 to 1955 is from 45 to 55 feet, while the decline at the moved-to area for the same period of years is from 5 to 10 feet. It was further stipulated that there is a greater concentration of wells in the moved-from area than in the moved-to area, and in consequence thereof, there is a greater withdrawal of water from the former than the latter area. We think these facts amply sustain the finding of the lower court.

■ Appellants take the position that so long as no more water is taken from one area of the basin than from another, there can be no impairment of existing rights. No doubt this position is based on the assumption that the waters of the basin fluctuate evenly throughout, but such is not

the case. On the facts before us, the position is untenable. All parties agree that the waters of the basin are over-appropriated and have been for many years; hence, it follows that further use of waters of the moved-to area would most certainly impair rights of prior appropriators, particularly those of that area.

The judgment is free of error and should be affirmed. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and SHILLINGLAW, JJ., concur.