379 P.2d 763

**C. M. KELLEY, Applicant-Appellee,**

**v.**

**CARLSBAD IRRIGATION DISTRICT, Protestant-Appellant,**

**S. E. Reynolds, State Engineer, Appellant.**

No. 7064.

Supreme Court of New Mexico.

March 15, 1963.

Hervey, Dow & Hinkle, Paul W. Eaton, Jr., Roswell, for appellee.

Earl E. Hartley, Atty. Gen., Santa Fe, Charles D. Harris, Spec. Asst. Atty. Gen., Roswell, for State Engineer.

Stagner, Sage, Walker & Estill, Carlsbad, for Carlsbad Irr. Dist.

Charles R. Brice, Roswell, amici curiae.

PER CURIAM.

Motion for rehearing is denied but we take this opportunity to clarify one question and, therefore, withdraw the opinion heretofore filed and substitute the following:

NOBLE, Justice.

The state engineer has appealed from a judgment of the district court reversing his decision denying appellee, Kelley, a permit to change the point of diversion of a water right.

The determination of this appeal turns on the scope of review by the district court. The statute, § 75-6-1, N.M.S.A.1953, providing for review of a decision of the state engineer, reads in part:

"Any applicant or other party dissatisfied with any decision, act or refusal to act of the state engineer may take an appeal to the district court * * *. The proceeding upon appeal shall be de novo, except evidence taken in hearing before state engineer may be considered as original evidence, subject to legal objection the same as if said evidence was originally offered in such district court * * *."

The question of the proper scope of review is immediately presented upon the taking of an appeal from any decision of the state engineer. Even though the review by the district court, in this case, was prior to the decision of this court in Heine v. Reynolds, 69 N.M. 398, 367 P.2d 708 and Continental Oil Co. v. Oil Conservation Commission, 70 N.M. 310, 373 P.2d 809, we had clearly indicated in Spencer v. Bliss, 60 N.M. 16, 287 P.2d 221, 228; Application of Brown, 65 N.M. 74, 332 P.2d 475, 479; and Clodfelter v. Reynolds, 68 N.M. 61, 358 P.2d 626, that when called upon to specifically determine the question, the scope of review would be limited. Our prior decisions were reviewed and extensively quoted from in Heine. It would serve no useful purpose to repeat that review here.

We consider Continental Oil Co. v. Oil Conservation Commission, supra, controlling on the question of scope of review. That decision discussed the constitutional division of powers and after pointing out that grave constitutional problems would be presented if the administrative agency performed a judicial function, it was said:

"* * * For the same reason, it must follow that, just as the commission cannot perform a judicial function, neither can the court perform an administrative one. [Citing cases] This is the net effect of the admission and consideration by the trial court of the additional evidence in this case. Such a procedure inevitably leads to the substitution of the court's discretion for that of the expert administrative body. We do not believe that such procedure is valid constitutionally. See, Johnson v. Sanchez, 1960, 67 N.M. 41, 351 P.2d 449, and the cases cited therein. Insofar as § 65–3–22(b), supra, purports to allow the district court, on appeal from the commission, to consider new evidence, to base its decision on the preponderance of the evidence or to modify the orders of the commission, it is void as an unconstitutional delegation of power, contravening art. III, § 1, of the New Mexico Constitution. * *"

We have noted State ex rel. Hovey Concrete Products Co. v. Mechem, 63 N.M. 250, 316 P.2d 1069. Even though the state engineer is required, under legislative mandate, to determine facts to which the law, as set forth by the legislature, is to be applied, in so doing he is nevertheless act-

ing in an administrative capacity and such findings are not judicial determinations.

■ On authority of Continental Oil Co. v. Oil Conservation Commission, supra, we conclude that § 75–6–1, supra, does not permit the district court, in reviewing a decision of the state engineer, to hear new or additional evidence. The review by the court is limited to questions of law and restricted to whether, based upon the legal evidence produced at the hearing before the state engineer, that officer acted fraudulently, arbitrarily or capriciously; whether his action was substantially supported by the evidence; or, whether the action was within the scope of state engineer's authority. See, also, Johnson v. Sanchez, 67 N.M. 41, 351 P.2d 449. In addition, the statute grants to the court authority to determine whether the action of the state engineer was based upon an error of law. Floeck v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225, 228; Yarbrough v. Montoya, 54 N.M. 91, 214 P. 2d 769; Johnson v. Sanchez, supra; Ma-King Products Co. v. Blair, 271 U.S. 479, 46 S.Ct. 544, 70 L.Ed. 1046.

■ We have carefully reviewed Farmers' Development Co. v. Rayado Land & Irrigation Company, 18 N.M. 1, 133 P. 104, and to the extent that it permits the district court, on appeal from a decision of the state engineer, to hear new or additional evidence, and based thereon to form its own conclusion, that decision is expressly overruled.

In this case the state engineer made findings of fact and determined that the granting of appellee's application would constitute a new appropriation of ground water and would impair existing rights. Based not only upon the record of the evidence before the state engineer, but, in addition, upon a great deal of additional evidence produced at the hearing before the court on appeal, the trial court came to contrary conclusions. It is urged that the evidence before the court substantially supports its findings and conclusions.

■ It is apparent, from what has been said, that there was error in permitting the introduction of new or additional evidence upon appeal. The question as to whether the state engineer's order was erroneous is premature since it has not been given the proper review by the district court.

The judgment is reversed and the cause remanded with directions to vacate the judgment and proceed in a manner not inconsistent with what has been said.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.