380 P.2d 520

Robert C. CROSS, Applicant-Appellant,

v.

John R. ERICKSON, State Engineer of the State of New Mexico, Defendant-Appellee.

Robert C. CROSS, Applicant-Appellant,

v.

S. E. REYNOLDS, State Engineer, Defendant-Appellee.

Robert C. CROSS, Plaintiff-Appellant,

v.

S. E. REYNOLDS, State Engineer of the State of New Mexico, Defendant-Appellee.

Nos. 7095, 7096, 7159.

Supreme Court of New Mexico.

March 28, 1963.

Hannett, Hannett & Cornish, Albuquerque, for appellant.

Earl S. Hartley, Atty. Gen., Santa Fe, Charles D. Harris, Sp. Asst. Atty. Gen., Roswell, for appellees.

CARMODY, Justice.

These are three appeals from the refusal of the district court to reverse the denial by the state engineer of applications to appropriate underground waters in Lea County, New Mexico. The cases have been consolidated for all purposes, because the facts are so interrelated.

The first case (No. 7095) was an appeal from a denial of an application for a permit to appropriate waters on 160 acres in Sec. 22, T. 13 S., R. 38 E., which was filed

in the district court of Lea County in 1954. For some reason, no action was taken on this case until a much later date. In the interim, in 1957, appellant filed an application to transfer a water right on 120 acres from Sec. 32, T. 12 S., R. 38 E., to 120 acres in the aforementioned Sec. 22. This application was also denied and an appeal taken (No. 7096). The following year, this second case was set for trial, but it was agreed by counsel and the court that the old case would be tried first and that if appellant was not successful, the later case would then be heard. After the hearing of some testimony, the court intimated that it would enter judgment in favor of the state engineer, and appellant thereupon filed a motion and was granted a stay of the entry of judgment. Approximately two years later, additional testimony was heard and the court announced that it felt the application for the water right in the original case should be granted. However, shortly thereafter, the trial court reconsidered and determined that judgment should be entered for the state engineer. About a year thereafter, judgments in both of the cases were entered, denying the appeals.

In the meantime, the appellant had filed a third application, seeking to appropriate underground water in Sec. 22, being the same property to which the original application had been directed. This application was also denied by the state engineer and appeal to the district court was taken (No. 7159). A hearing was held on this appeal a few days prior to the actual entry of the two judgments of the other two cases above discussed. No testimony was taken, and the court held, as a matter of law, that the two prior cases were res judicata and entered judgment in favor of the state engineer. The judgment was actually entered sometime after the judgments had been entered in the other cases.

Appellant's principal point claims error on the part of the trial court in holding that the decision in the first two cases was res judicata of the third case. However, appellant also urges that the court erred in disregarding the testimony of an expert witness called at the hearing in the trial court and in denying the application to transfer the water right from the other section to Sec. 22.

█ With regard to the claimed error of disregarding the testimony of the expert witness, little need be said. The admission and consideration of the testimony are contrary to the recent holdings of this court culminating in Kelley v. Carlsbad Irrigation District, 379 P.2d 763. So, also, with respect to appellant's contention that the denial of the application to transfer was error, the same is without merit under our ruling in Kelley, supra. Of necessity, appellant was relying on the district court testimony of the expert witness to show the proposed transfer should have been

granted, and the testimony was not admissible. Therefore, as to causes numbered 7095 and 7096, no other claim of error being urged, the judgments should be affirmed.

The problem as to case No. 7159 is not disposed of so easily. The amount of water which may be available is not always constant, and where at one time it might be determined that there was no unappropriated water, still later it might develop that the original determination was based upon insufficient facts, or that, in the meantime, additional water had accumulated. Also, it is possible that, by reason of forfeiture, abandonment of existing water rights, or other grounds, that a new appropriation could be granted which would not impair existing water rights at the time.

■ We recognize that the hydrology of underground waters is not an exact science; new data is constantly being obtained which must be correlated with that which is already known, thereby necessitating the periodic revision of hydrographic formulas and maps. To a considerable degree, the hydrologist must arbitrarily, though scientifically, estimate the present and future quantity of water underlying a particular area. It is a tribute to the profession that a reasonable degree of accuracy is ordinarily achieved. Almost nothing is constant in this engineering field, except the apparent ever-increasing demand on the part of human beings to place the water to new or greater uses. From a practical standpoint, even this item is not constant, because the amount required from time to time can only be estimated. For example, a water user may be entitled, under his appropriation, to use three acre-feet per year, yet over a given period, depending upon the nature of his crops, the amount of moisture, the length of the growing season, and many other factors, he may use considerably less than the amount allowed. However, absent forfeiture, the water user would still have his "existing right" which could not be impaired. Thus, the state engineer is in the unenviable position of attempting to determine *in advance* something that can only be positively answered *after* the many forces of both man and nature have had their cumulative effect. If the engineer's estimate is correct, no existing water right will be impaired; if, however, he is wrong in allowing an over-appropriation, existing water rights will suffer; and if he is in error in refusing new appropriations by under-estimation, existing water may be forever lost. Yet the engineer is required, by law, to make his determination on the facts before him, even though these facts and information may vary from year to year and be subject to periodical revision by reason of technical advances, new surveys, or additional hydrological information. So it is that res judicata in the ordinary sense cannot apply, even though there is identity of parties, issues, and general questions of

fact. Nonetheless, the ultimate facts as to the existence of unappropriated water and/or the impairment of existing rights must be determined in each instance. While we do not wish to be construed as saying the situation is the same, nevertheless the principles applied in rejecting res judicata in tax cases is somewhat analogous. See Town of Atrisco v. Monohan, 1952, 56 N.M. 70, 240 P.2d 216.

In the instant case, appellant was seeking to utilize the same testimony which had been submitted in the other cases and merely contended that, because of a different theory, the application should be granted. As the trial court stated, it involved the same water, the same testimony, and the same parties, and it seemed like a case where the doctrine of res judicata should apply. However, under the circumstances here present, res judicata is not applicable. The trial court was considering only the testimony before it, and in Kelley, supra, we held that the record before the state engineer was what should be considered by the trial court, not additional testimony. Therefore, in this case, the court was basing its res judicata ruling, in part at least, on proof that we have held was not proper. There is no record of any hearing before the state engineer, and, consequently, no showing of whether or not changed circumstances or conditions were considered by him. The record received from the state engineer discloses merely

the application and its denial. Apparently, no testimony was taken.

Although we expressly decline to rule that res judicata is never applicable in cases of successive applications for new water appropriations, certainly in the present instance it is obvious that it cannot be relied upon, because there was no valid basis in evidence before the court upon which it could base its ruling, and also there was no showing that it was upon this ground that the state engineer denied the application.

In this situation, the question arises as to the effect of the judgment in this case as to the appellant. He is successful in his contention in this court that res judicata does not apply, but, unfortunately for him, this does not justify a reversal. The rule is that where the trial court entered the correct final judgment, notwithstanding the court's misconception of the law upon which the judgment should have been based, the case will be affirmed. See Atma v. Munoz, 1944, 48 N.M. 114, 146 P.2d 631; and Schmitz v. New Mexico State Tax Commission, 1951, 55 N.M. 320, 232 P.2d 986. So, in the instant case, the judgment of dismissal was proper, because appellant had not satisfied his burden of proof in showing the existence of unappropriated water and that existing rights would not be impaired. See Spencer v. Bliss, 1955, 60 N.M. 16, 287 P.2d 221. The record is de-

**78**

void of any such proof. As stated, the testimony in the district court could not be considered, and appellant is therefore left with no proof at all to satisfy the burden that is upon him under the statute.

The judgment in each of the consolidated cases will be affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.