382 P.2d 981

Roy E. INGRAM, Applicant-Appellee,

v.

MALONE FARMS, INC., Protestant-Appellant.

No. 7201.

Supreme Court of New Mexico.

June 17, 1963.

Sanders & Bruin, Roswell, Atwood & Malone, Roswell, for appellant.

Watson & Watson, Artesia, for appellee.

Charles D. Harris, J. Lee Cathey, Sp. Asst. Attys. Gen., Roswell, for State Engineer.

COMPTON, Chief Justice.

The protestant, appellant here, appeals from the judgment of the District Court of Chaves County sustaining the decision of the state engineer. At the outset we are faced with the scope of review on appeal under § 75-6-1, 1953 Comp. The pertinent provisions of the section read:

"Any applicant or other party dissatisfied with any decision, act or refusal to act of the state engineer may take an appeal to the district court * * *. The proceeding upon appeal shall be de novo, except evidence taken in hearing before state engineer may be considered as original evidence, subject to legal objection the same as if

said evidence was originally offered in such district court, * * *."

The applicant applied to the state engineer for a change of point of diversion and place of use of Artesian water of the Roswell basin, aggregating 192.0 acre feet per annum appurtenant to 64.0 acres of land then being irrigated by him. The application contemplated partial abandonment of certain wells from which water was being obtained for the tract.

The application was protested and a hearing was held by the state engineer. Subsequently, the state engineer made certain findings and entered an order granting the application. Thereupon, the protestant appealed the ruling of the state engineer to the district court.

Unfortunately, what was said by us in Farmers Development Co. v. Rayado Land & Irrigation Company, 18 N.M. 1, 133 P. 104, has lead the court into error. Thus, we are unable to reach the case on the merits. At the hearing on appeal applicant introduced the record made before the state engineer. He also offered the testimony of one witness to show that subsequent to the hearing before the engineer certain corrections as to the location of wells and lots had been made. Applicant then rested. The protest was based on several grounds, one of which was that the proposed change in point of diversion would impair protestant's existing rights in amount and availability of water for use under adjacent land. Two witnesses were called by protestant who testified extensively in opposition to the testimony previously submitted by the applicant on the question of impairment. On the issue, cross-examination by the applicant was full and extensive.

It is argued by appellee that since the trial court affirmed the findings and order of the state engineer, its decision was based solely on the evidence before the engineer. Possibly so, but we do not know. The record seems to lead to a different conclusion. After protestant had filed its requested findings and conclusions pointing up the question whether the review should be limited to the record before the engineer, the trial court in an extended opinion as a part of his decision, said:

"This Court is of the opinion that the findings and decision of the State Engineer must and should be given due weight by the Court, but since an appellant on an appeal of this kind is given a trial de novo, new and additional evidence may be introduced and at the conclusion of the evidence, this court must make its own independent findings of fact and conclusions of law concerning the material issues involved in the proceedings."

Further, while the court concluded that the decision of the state engineer should be

confirmed, he did not specifically find that such decision was supported by substantial evidence, but on the contrary refused to find "that the findings and order of the state engineer are not capricious, arbitrary or unlawful" as requested by the applicant.

In a recent opinion, Kelley v. Carlsbad Irrigation District, 71 N.M. 464, 379 P.2d 763, we fully treated § 75–6–1, 1953 Comp., as follow: .

"* * * The review by the court is limited to questions of law and restricted to whether, based upon the legal evidence produced at the hearing before the state engineer, that officer acted fraudulently, arbitrarily or capriciously; whether his action was substantially supported by the evidence; or, whether the action was within the scope of state engineer's authority. See, also, Johnson v. Sanchez, 67 N.M. 41, 351 P.2d 449. In addition, the statute grants to the court authority to determine whether the action of the state engineer was based upon an error of law. Floeck v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225, 228; Yarbrough v. Montoya, 54 N.M. 91, 214 P.2d 769; Johnson v. Sanchez, supra; Ma-King Products Co. v. Blair, 271 U.S. 479, 46 S.Ct. 544, 70 L.Ed. 1046.

"We have carefully reviewed Farmers' Development Co. v. Rayado Land & Irrigation Company, 18 N.M. 1, 133 P. 104, and to the extent that it permits the district court, on appeal from a decision of the state engineer, to hear new or additional evidence, and based thereon to form its own conclusion, that decision is expressly overruled."

We think Kelley v. Carlsbad Irrigation District, supra, disposes of the appeal. See also McGee v. State ex rel. Reynolds, 72 N.M. 48, 380 P.2d 195. While the court did not have the benefit at the hearing of our recent cases, construing the statute, previously, we had clearly indicated that when presented with the specific question, the scope of review would be thus limited. See Heine v. Reynolds, 69 N.M. 398, 367 P.2d 708; Spencer v. Bliss, 60 N.M. 16, 287 P.2d 221; Application of Brown, 65 N.M. 74, 332 P.2d 475; Clodfelter v. Reynolds, 68 N.M. 61, 358 P.2d 626.

The cause will be remanded to the district court with direction to vacate the judgment and proceed in a manner not inconsistent herewith.

It is so ordered.

CARMODY and NOBLE, JJ., concur.