392 P.2d 13

R. S. DERRICK, Applicant, Appellee,

v.

S. E. REYNOLDS, State Engineer of New Mexico, Appellant.

No. 7391.

Supreme Court of New Mexico.

April 27, 1964.

Earl E. Hartley, Atty. Gen., Santa Fe, Charles D. Harris, Sp. Asst. Atty. Gen., Roswell, for appellant.

CARMODY, Justice.

The state engineer raises the single question attacking the scope of review permitted in the district court upon an appeal from a denial of an application for a permit to change partial point of diversion.

We note that this error was not raised in the trial court, but appellee, by failing to file any brief, has not questioned the right of appellant to change his position; therefore in this situation we will consider the merits because "it appears that a wrong principle of law was applied below." Ferran v. Jacquez, 1961, 68 N.M. 367, 362 P.2d 519.

The trial court's judgment reversing the order of the state engineer was entered approximately two months before our decision in Kelley v. Carlsbad Irrigation District, 1963, 71 N.M. 464, 379 P.2d 763. Nevertheless, additional evidence having been considered by the trial court, Kelley is controlling. We have consistently followed the Kelley case in Durand v. Carlsbad Irrigation District, 1963, 71 N.M. 479, 379 P.2d 773; McGee v. State ex rel. Reynolds,

1963, 72 N.M. 48, 380 P.2d 195; Cross v. Erickson, 1963, 72 N.M. 73, 380 P.2d 520; and Ingram v. Malone Farms, Inc., 1963, 72 N.M. 256, 382 P.2d 981.

■ On this authority, it was error to permit the introduction of new or additional evidence on appeal from the state engineer's decision. Therefore, the case must be reversed and remanded to the district court, in order that a proper review may be given.

It is so ordered.

NOBLE and MOISE, JJ., concur.