394 P.2d 139

In the Matter of the Amended Applications of
**J. H. CLEMENTS, RA–4390, and O. L. An-
derson, RA–4135, Applicants-Appellants,**

v.

**CARLSBAD IRRIGATION DISTRICT,**
**Protestant-Appellee,**

**State Engineer of New Mexico,**
**Respondent-Appellee.**

**No. 7384.**

Supreme Court of New Mexico.

July 20, 1964.

Rehearing Denied July 20, 1964.

———————

C. R. Brice, H. C. Buchly, Donald Brown, Roswell, for appellants.

Stagner, Sage, Walker & Estill, Carlsbad, for.Carlsbad Irr. Dist.

Earl E. Hartley, Atty. Gen., Santa Fe, Charles D. Harris, Special Asst. Atty. Gen., Roswell, for State Engineer of N. Mex.

**374**

PER CURIAM.

On motion for rehearing it has been made amply clear that under the rule announced by us in Adams v. Tatsch, 68 N.M. 446, 362 P.2d 984, the appeal herein was timely and the court has jurisdiction. Accordingly, the opinion heretofore filed dismissing the appeal is withdrawn and the following substituted:

## OPINION

MOISE, Justice.

Appellants are the owners of rights to irrigate certain of their lands from the waters of the Penasco River. These rights have an 1887 priority and were adjudicated in the Hope Community Ditch case, U. S. District Court cause, Equity No. 712.

In early 1961, appellant O. L. Anderson filed an amended application with appellee, state engineer, to change point of diversion to an existing well so that surface flows could be supplemented.

At the same time, appellant J. H. Clements filed an amended application to change point of diversion to a well to be drilled for the purpose of supplementing surface flows.

These applications were protested by Carlsbad Irrigation District. After a hearing, appellee made findings and conclusions and denied the applications. Thereupon, pursuant to § 75–6–1, N.M.S.A. 1953, appeals were perfected to the district court. An order of consolidation was duly entered. After hearing at which additional evidence was presented, the court made its own findings of fact and conclusions of law, pursuant to which a judgment was entered affirming the decision of the state engineer and dismissing the appeals. The present appeal followed.

Appellants argue under their first point that the trial court exceeded its jurisdiction in considering evidence presented before it and in making its own independent findings of fact and conclusions of law. Their argument is based upon our statement in Kelley v. Carlsbad Irrigation District, 71 N.M. 464, 379 P.2d 763, to the effect:

"* * * we conclude that § 75–6–1, supra, does not permit the district court, in reviewing a decision of the state engineer, to hear new or additional evidence. The review by the court is limited to questions of law and restricted to whether, based upon the legal evidence produced at the hearing before the state engineer, that officer acted fraudulently, arbitrarily or capriciously; whether his action was substantially supported by the evidence; or, whether the action was within the scope of state engineer's authority. (Citation omitted) In addition, the statute grants to the court authority to determine whether the

action of the state engineer was based upon an error of law. * * *"
and the further statement quoted therein from Continental Oil Co. v. Oil Conservation Commission, 70 N.M. 310, 373 P.2d 809:

" * * * For the same reason, it must follow that, just as the commission cannot perform a judicial function, neither can the court perform an administrative one. [Citing cases] This is the net effect of the admission and consideration by the trial court of the additional evidence in this case. Such a procedure inevitably leads to the substitution of the court's discretion for that of the expert administrative body. We do not believe that such procedure is valid constitutionally. * * *"

Recognizing the foregoing as the law, it is the position of appellants that the trial court did not have jurisdiction to receive additional evidence and make its own findings of fact and conclusions of law which differed in certain material respects from those made by the state engineer, and that in doing so it committed reversible error.

They point to Ingram v. Malone Farms, Inc., 72 N.M. 256, 382 P.2d 981, in support of their position. In that case an application for change of point of diversion was granted by the state engineer over the objections of a protestant. On appeal, the district court heard new and additional evidence on the question of the impairment of protestant's existing rights, and at the conclusion of the hearing the court made "its own independent findings of fact and conclusions of law concerning the material issues involved in the proceedings." In doing so, no finding was made to the effect that the findings of the state engineer were supported by substantial evidence. To the contrary, the court refused a request "that the findings and order of the state engineer are not capricious, arbitrary or unlawful." Under these circumstances, we remanded the case noting in doing so that while it was argued that in the light of the fact that the decision of the state engineer was affirmed, it must have been based on the evidence presented to the state engineer, but that this conclusion could not be supported in view of the court's action in refusing findings that would support state engineer's decision.

In the instant case, the situation is materially different. The court here specifically concluded, "That the findings and order of the State Engineer heretofore entered herein denying the applications of the respective applicants were based on substantial evidence and were not arbitrary, capricious or unlawful."

Appellants point to the fact that the state engineer found "That the granting

of the subject application would constitute a new appropriation of the ground water of the Roswell Artesian Basin * * *" while the court disagreed and found "* * * that the applications of Applicants do not amount to new applications for additional water, but are in fact applications to change their points of diversion. * * *" Also, we note a conclusion by the court that the applications "* * * are in effect applications to change places of diversion, and not new applications to appropriate water."

Does this difference in the conclusions, both of which result in denial of the application, require a reversal? We are convinced that it does not. It is not necessary for us to determine which was correct—the appellee or the trial court. Both concluded that the applications should be denied. The appellee arrived at his conclusion based upon a finding that the granting of the application "would impair existing rights" which finding was based on substantial evidence and was not "arbitrary, capricious or unlawful." The court, in turn, found that the granting of the applications "* * * would operate to the detriment of the rights of others having valid and existing rights to the use of waters * * * and would operate to the detriment of protestant and others having valid and existing rights to the use of the water from the Pecos River, and would operate to impair existing rights."

Recognizing that the court had authority and jurisdiction to determine whether the state engineer had correctly applied the law, Kelley v. Carlsbad Irrigation District, supra, and assuming that the court was correct in its description of the applications as being for change of point of diversion and not for a new appropriation, it is nevertheless true that the findings of the state engineer concerning impairment, supported by substantial evidence and not being arbitrary, capricious or unlawful, furnished ample basis for the court's conclusion that the applications should be denied. See §§ 75–5–6, 75–5–23, 75–11–7, N.M.S.A.1953. Under either theory, whether as a new appropriation or as an application to change point of diversion, the findings of the state engineer dictated the result reached, and it would gain appellants nothing for us to reverse the cause. Compare, Cross v. Erickson, 72 N.M. 73, 380 P.2d 520; Schmitz v. New Mexico State Tax Commission, 55 N.M. 320, 232 P.2d 986; Atma v. Munoz, 48 N.M. 114, 146 P.2d 631.

Two additional points are argued by appellants. We have considered them but do not find that they have any merit or require discussion.

The judgment appealed from is affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.