406 P.2d 817

In the Matter of the Appeals of George R. **DURAND** and Joe D. Durand, Application Nos. RA–4016 and RA–4017, Appellees,

**v.**

S. E. REYNOLDS, State Engineer of New Mexico, and Carlsbad Irrigation District, Appellants.

**No. 7597.**

Supreme Court of New Mexico.

Oct. 11, 1965.

Earl E. Hartley, Atty. Gen., Santa Fe, Charles D. Harris, Sp. Asst. Atty. Gen., Roswell, for appellant S. E. Reynolds, State Engineer.

Stagner, Sage, Walker & Estill, Carlsbad, for appellant Carlsbad Irr. Dist.

William M. Siegenthaler, Artesia, Donald Brown, Roswell, for appellees.

CARMODY, Chief Justice.

Applicants-appellees, successors to certain adjudicated water rights in the Nine-Mile Draw area of Chaves County, New Mexico, filed an application with the state engineer "TO SUPPLEMENT SURFACE WATER WITH SHALLOW GROUND WATER AND/OR TO CHANGE PARTIAL POINT OF DIVERSION FROM SURFACE TO SHALLOW GROUND WATER." The source of applicants' water right in the Nine-Mile Draw area is springs fed by seepage from a shallow ground water acquifer of the Roswell Artesian Basin, and flood waters in Nine-Mile Draw and Zuber Hollow composed of surface runoffs caused by precipitation. The state engineer denied the application after finding, among other things, impairment of existing rights if the application be granted and a failure to beneficially use water from the legal point of diversion during the years 1939–1956. The decision of the state engineer was appealed to the district court of Chaves County, resulting in a reversal of the state engineer's decision. Appeal was taken by protestant and the state engineer to this court, resulting in our opinion in Durand v. Carlsbad Irrigation District, 1963, 71 N.M. 479, 379 P.2d 773. Upon remand, the district court of Chaves County entered its decision, again reversing the action of the state engineer. The protestant and state engineer have appealed the latest action of the district court of Chaves County.

The scope of review that may be exercised by the supreme court concerning a decision of the state engineer is the same possessed by the district courts. Both the supreme court and the district courts are bound by the state engineer's findings of fact, if they be supported by substantial evidence. In Kelley v. Carlsbad Irrigation District, 1963, 71 N.M. 464, 465, 379 P.2d 763, 764, we set out the permissible scope

of review by district courts of a decision by the state engineer. We stated:

"On authority of Continental Oil Co. v. Oil Conservation Commission [70 N.M. 310, 373 P.2d 809], supra, we conclude that § 75–6–1, supra, does not permit the district court, in reviewing a decision of the state engineer, to hear new or additional evidence. The review by the court is limited to questions of law and restricted to whether, based upon the legal evidence produced at the hearing before the state engineer, that officer acted fraudulently, arbitrarily or capriciously; whether his action was substantially supported by the evidence; or, whether the action was within the scope of state engineer's authority. See, also, Johnson v. Sanchez, 67 N.M. 41, 351 P.2d 449. In addition, the statute grants to the court authority to determine whether the action of the state engineer was based upon an error of law. * * *"

If the decision of the state engineer is within the guidelines set out by § 75–6–1, N.M.S.A.1953, as interpreted by Kelley, supra, there is no error. Thus the question that must be answered by this court is whether or not the findings of the state engineer are supported by substantial evidence; and if so, did the court properly apply the law?

[2] The sum total of the error allegedly committed by the state engineer as urged by appellees is exemplified by the district court's conclusions of law numbers 1 and 2, which state:

"1. That any attempt by the New Mexico State Engineer to determine the validity of the Applicants' water rights, either through the doctrine of forfeiture for non-user or appropriation of waters in violation of the rules and regulations of the New Mexico State Engineer's office is a judicial function which is beyond the scope of the New Mexico State Engineer's administrative power as defined by the New Mexico Constitution.

"2. That the right to change point of diversion or place of use is an inherent property right incident to the ownership of the water rights in question. That there is no evidence to support a finding that the granting of the applications will impair the rights of other users, and the action of the State Engineer in denying the applications was arbitrary, capricious, not supported by the evidence, and such denial was without authority of law."

Regardless of what the district court's conclusions of law may state to the contrary, the state engineer only entered findings of fact and in no way attempted to adjudicate the relative validity of applicants' water rights. The only thing that can be attributed to the state engineer's findings is a determination of impairment of existing

rights. Admittedly, certain of the state engineer's findings of fact could be grounds for a conclusion of forfeiture for non-user; but the state engineer did not draw such a conclusion, and neither this court nor the district court can speculate on the matter of forfeiture. The hearing before the state engineer was not for the purpose of adjudicating a forfeiture of a water right for non-user; it was a proceeding to determine if the granting of applicants' applications would impair existing rights. Although the right to change point of diversion or place of use is an inherent property right incident to the ownership of water rights, it is a right subject to conditions, i. e., it cannot impair other existing rights and it may be enjoyed only when done in accordance with statutory procedure. Section 75–11–7, N. M.S.A.1953; State ex rel. Reynolds v. Mitchell, 1959, 66 N.M. 212, 345 P.2d 744. We must therefore determine if there is substantial evidence in the record to support the state engineer's finding of impairment of existing rights.

▆▆▆ Applicants-appellees place great reliance upon the agreement in the testimony of the two hydrologists who testified at the hearing before the state engineer, to the effect that the source of the water in the Nine-Mile Draw area and at the site of the proposed wells were one and the same, i. e., the "valley fill." Applicants claim that since the source at both points is the "valley fill," the case of Templeton

v. Pecos Valley Artesian Conservancy District, 1958, 65 N.M. 59, 332 P.2d 465, is controlling and the state engineer incorrectly applied the law and the applications should have been granted. It is applicants' position that they are merely exchanging rights to X number acre-feet of water in the "Nine-Mile Draw" (Move-From) area for X number acre-feet of water at the proposed well location (Move-To) sites. They contend that since there is a common source, the "valley fill," they cannot impair existing rights. This court in In re Hobson, 1958, 64 N.M. 462, 330 P.2d 547, 548, stated, in part:

"Appellants take the position that so long as no more water is taken from one area of the basin than from another, there can be no impairment of existing rights. No doubt this position is based on the assumption that the waters of the basin fluctuate evenly throughout, but such is not the case. On the facts before us, the position is untenable. * * *"

Applicants did not prove that the water in the "Nine-Mile Draw" area flows evenly to the site of the proposed well locations! To the contrary, the record yields expert testimony that certain amounts of the water that would be taken by the proposed wells never contributed to the water taken in the "Nine-Mile Draw" area. Assuming such to be true, the effect of applicants' applica-

tion, if granted, would be to grant a new appropriation to water in which they did not previously have any rights. Thus it is not merely a case of change in point of diversion and impairing existing rights in the "valley fill" alone; it is an attempt to obtain a new appropriation to water in a fully appropriated basin. Also, the record contains expert testimony that the "valley fill" at the (Move-To) location will be partially composed of the surface waters of the Pecos River obtained by recharge of the "cones of depression" which will form upon pumping of shallow ground wells at the proposed location. Thus the "valley fill" would be a mere conduit between the surface waters of the Pecos River and the proposed wells. The above discussion of the evidence clearly demonstrates, and we so hold, that there is substantial evidence in the record to support the ultimate findings by the state engineer that granting the applications would impair existing rights in and to the Pecos River and the Roswell Artesian Basin. We said in Heine v. Reynolds, 1962, 69 N.M. 398, 367 P.2d 708:

"The state engineer had a positive duty to determine if existing rights would be impaired; and having found that they would be, there is no necessity under the statute to further determine the degree or amount of impairment. The burden is on the applicant to show *no impairment* of existing rights * * *."

Applicants have failed in their burden of proof; and the findings of the state engineer being supported by substantial evidence, they cannot complain on appeal either before this court or the district court. The findings of impairment being supported by substantial evidence, the state engineer was justified in denying applicants' applications and the trial court committed reversible error in holding otherwise.

In view of our disposition of the case on the basis of impairment of existing rights, we will not enter into an abstract discussion concerning forfeiture of water rights for non-user.

The judgment of the district court is reversed with direction that the decision of the state engineer be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.