419 P.2d 972

Bruce F. GARNAND, W. J. Rounseville, C. B. Pike, Donald P. Beers, Leo Norrell, Alfred P. Whittaker, Claude Lucero and Ron Deutsch, Petitioners-Appellees,

v.

W. J. UPTON, Commissioner of Banking of the State of New Mexico, Respondent-Appellant.

No. 7993.

Supreme Court of New Mexico.

Nov. 7, 1966.

Boston E. Witt, Atty. Gen., Wayne C. Wolf, Roy G. Hill, Asst. Attys. Gen., Santa Fe, for appellant.

Melvin T. Yost, Santa Fe, for appellees.

## OPINION

COMPTON, Justice.

The respondent appeals from an order directing him to approve articles of incorporation of Security Mutual Savings and Loan Association of Santa Fe filed with him by the petitioners.

The main ground for disapproval of the articles of incorporation was respondent's belief and conviction that he was entitled to exercise his discretion in determining the amount of capital stock of the corporation, the number of shares, and the amount with which it will commence business. It was the respondent's position that the proposed corporation should commence business with $500,000.00 capital and that the number of shares should be distributed among the equivalent of 350 contributors. No contention was made that petitioners did not otherwise comply with the statute.

The then pertinent statute, § 48–15–1 (4), N.M.S.A.1953, reads:

"4. The amount of capital stock and the number of shares into which the same is to be divided, and the par value thereof, which shall not be less than $200; the number of shares subscribed, which shall not be less than 200, and the amount paid thereon in advance with which it will commence business, which shall not be less than $5,000."

The statute is clear; it fixes both the minimum amount of capital as well as the minimum number of shareholders with which a mutual building and loan association may commence business. The discretion given by the statute is given to the applicants, not to the Commissioner of Banking.

■ Another ground suggested at the trial by the respondent for disapproving petitioners' application was the corporate name proposed. The argument is made that since presently there exist Security Federal Savings and Loan Association of Albuquerque and Mutual Building and Loan Association of Santa Fe, the name Security Mutual Savings and Loan Association of Santa Fe was so similar as to be misleading or confusing. The trial court considered this argument, but found there was no substantial evidence to support the position of the respondent, and that respondent did not in fact find or determine in the exercise of his judgment that the proposed name of petitioner is so nearly similar to a name already in use by another existing corporation in this state as to be misleading or confusing. We agree with the trial court.

■ Appellant further complains that there is a conflict between Article 3(A) relating to the nature of the business, objects and purposes of the corporation and Article 3(B) relating to the powers of the corporation. The argument centers around the authority to lend corporate funds to others than members of the corporation. A glimpse at the articles convinces us that there is no conflict.

■ The trial court concluded that respondent acted arbitrarily, capriciously and unlawfully in disapproving petitioners' application. Having considered the evidence, including the articles of incorporation, we think the conclusion was warranted, and that the disapproval by respondent of the application and articles of incorporation was not supported by substantial evidence. See Kelley v. Carlsbad Irrigation District, 71 N.M. 464, 379 P.2d 763.

The judgment should be affirmed. It is so ordered.

CHAVEZ, J., and LaFEL E. OMAN, J., Court of Appeals, concur.