This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                                     **NO. 31,229**

**AMANDA STOVER a/k/a**
**AMANDA STOEVER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CATRON COUNTY**
**Kevin Sweazea, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Amanda Stover
Reserve, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

       Defendant, pro se, appeals from an order of the district court, entered pursuant to a plea of no contest, convicting Defendant for failing to register her

vehicle, driving without a license or insurance, and speeding. Unpersuaded by Defendant's arguments, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded with an informal memorandum in opposition. We have considered Defendant's contentions and remain persuaded that she has not demonstrated error. We affirm the district court's judgment.

We interpret Defendant's informal docketing statement to argue that she has a constitutional right to travel without a license or, generally, without governmental regulation. [RP 36] We proposed to disagree with Defendant. In response to our notice, Defendant continues to argue that the right to travel includes the right to drive a vehicle on state roads. [MIO 6-10] Defendant contends that this is a common law and natural right protected by the United States Constitution. [MIO 7-10] We are not persuaded.

Operating a motor vehicle is not a natural or unrestrained right, but a privilege, subject to reasonable regulations. *See State ex rel. Schwartz v. Kennedy*, 120 N.M. 619, 632, 904 P.2d 1044, 1057 (1995) (recognizing that the state government regulates activity of driving in the interest of the public's safety and general welfare); *Johnson v. Sanchez*, 67 N.M. 41, 46, 351 P.2d 449, 452 (1960) (recognizing that a license to operate a motor vehicle is a mere privilege, and not a property right, and is subject to reasonable regulation under the police power in the interest of public safety and

welfare). As we stated in our notice, clearly, it is within the constitutionally ordained police power of the Legislature to regulate public roads and highways and travel thereon. *See, e.g.*, *Otto v. Buck*, 61 N.M. 123, 130, 295 P.2d 1028, 1033 (1956) ("To state that the subject of regulation of vehicular traffic upon public highways properly comes within exercise of the police power is but to announce a commonplace, against which no one would seriously contend."). It is not open for sincere debate that operating a motor vehicle in New Mexico "is a privilege, and not a right." *ACLU v. City of Albuquerque*, 2007-NMCA-092, ¶ 17, 142 N.M. 259, 164 P.3d 958; *In re Suazo*, 117 N.M. 785, 794, 877 P.2d 1088, 1097 (1994) (Baca, J., specially concurring).

Also in response to our notice, Defendant states she had a revelation that a more pressing violation of her constitutional rights has occurred: the State is forcing her to enter into a contract via a driver's license, which violates the constitutional principal prohibiting ex post facto laws. [MIO 3] Defendant goes on to complain about judges who intentionally subordinate constitutional rights to statutory law. [MIO 4-6] Defendant should have raised these matters in a motion to amend the docketing statement. Defendant did not preserve these matters in district court, however, and we would deny the motion to add the issues as not viable. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983) (noting that we will grant a motion to

amend where, among other factors, the motion explains how the issue was preserved); *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

To the extent that Defendant complains that there has been no review of the proceedings in magistrate court, we again point out that the trial in district court was de novo and, therefore, review of the magistrate court would be improper. *See* Rule 6-703(J) NMRA. [MIO 6] A trial de novo in the district court means that the appeal "shall be tried anew in said courts on their merits, as if no trial had been had below[.]" NMSA 1978, § 39-3-1 (1955).

Lastly, we addressed Defendant's argument that she was improperly denied the right to representation, assuming that she had preserved the matter in district court and reserved the right to appeal on that matter. In response to our notice, Defendant does not explain how it was preserved in district court or reserved in the plea agreement. Rather, Defendant's arguments are aimed at the magistrate court. [MIO 2-3] Thus, Defendant has not demonstrated that she reserved the right to appeal this matter in the plea agreement. A defendant's right to appeal following a guilty plea is limited to jurisdictional challenges and those issues specifically reserved in the plea agreement.

4

*See State v. Hodge*, 118 N.M. 410, 414-18, 882 P.2d 1, 5-9 (1994); Rule 5-304(A)(2) NMRA ("With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or no contest, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pre-trial motion."). We also note that we are not persuaded that Defendant had a right to representation for the reasons stated in our notice.

Based on the foregoing, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**