[No. 2552.   Feb. 22, 1922.]

## GUARANTY BANKING CORPORATION v. WESTERN ICE & BOTTLING CO.

### SYLLABUS BY THE COURT

(1)   Whether one is a prior or subsequent creditor in respect to his rights against the vendor in an unrecorded conditional contract of sale is determined solely by reference to whether the indebtedness was contracted, or the liability incurred, prior or subsequent to the execution of the unrecorded conditional sale contract.          P. 19

(2)   On appeal, if there are doubts as to the meaning of any finding of fact made by the lower court, they must be resolved in support of the judgment.          P. 23

(3)   On appeal, if error or prejudice is claimed in the judgment of the lower court, it must be shown; it is never presumed.          P. 23

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by the Guaranty Banking Corporation against the Western Ice & Bottling Company. Judgment of dismissal, and plaintiff appeals. Affirmed.

Simms & Botts, of Albuquerque, for appellant.

Marron & Wood, of Albuquerque, for appellee.

## OPINION OF THE COURT

RAYNOLDS, C. J. Appellant brought an action in replevin to recover possession of an automobile from the appellee. After trial on the merits, the lower court found the issues for appellee and dismissed the complaint. From that judgment this appeal is taken.

The case arose out of the following facts: On or about the 2d day of July, 1919, the O'Connell Motor Company sold and delivered to one A. L. Holbert a certain automobile under a written agreement and conditional sale contract, the effect of which was that the title to said automobile should be retained by the O'Connell Motor Company until payment of the purchase price. At the same time Holbert executed and delivered to the O'Connell Motor Company his promissory note for the unpaid balance of the purchase price. On the 18th day of August, 1919, there was still due and unpaid on said note and contract the sum of $327.24. Prior to August 18, 1919, the note and contract had been sold and assigned to the appellant, Guaranty Banking Corporation. The conditional sale contract was never filed for record, nor recorded in the county wherein said Holbert resided, and in which county the automobile was at all times owned and kept.

On August 18, 1919, and prior thereto, Holbert was indebted to the appellee, the Western Ice & Bottling Company, in a sum exceeding $2,500, and on said date Holbert sold, assigned, transferred, and delivered said automobile to the appellee under an agreement that the full value thereof was to be applied and credited by appellee upon his indebtedness to appellee. Ap-

pellee accepted and purchased the automobile from
Holbert, and applied the entire value thereof on said
indebtedness.    On this date appellee had no notice or
knowledge of the conditional sale contract, nor did it
know or have any knowledge that the appellant, or its
assignor, had any right, lien, or claim upon the auto-
mobile, nor that Holbert was not an absolute owner
thereof, and had not the right to sell and convey the
same.   The appellant did not know of the transfer to
the appellee, and did not consent thereto.  The sole con-
sideration for the transfer from Holbert to appellee
was credit on the pre-existing indebtedness of Holbert
to the appellee.

From these facts the court below, after trial without
a jury, concluded as a matter of law that by reason of
the appellant's failure to file and record said contract
it had no right under it as against appellee, and that
appellee was the owner of said automobile.   Judgment
was thereupon rendered for appellee.

[**1**]  Appellant assigns as error the action of the
court in rendering judgment against it and dismissing
its complaint.   It argues that appellee was not a pur-
chaser for value without notice, and was not entitled to
the benefit of appellant's failure to file and record said
conditional contract.   The case turns upon the con-
struction of chapter 74, Laws 1917, which, after re-
citing that all chattel mortgages, conditional sales,
etc., shall be filed and recorded, is as follows:

"The failure to so file or record any such instrument in
writing shall render the same void as to subsequent mortg-
ages in good faith, purchasers for value without notice, and
subsequent judgment or attaching creditors without notice, and
as against subsequent general creditors without notice. Such
unrecorded instruments shall not   be valid until the same
shall be duly filed or recorded as herinafter provided."

Appellee contends that the question whether or not
it is a purchaser without notice is not involved; that
it does not claim as such purchaser for value without
notice, but claims as a subsequent general creditor

without notice. Appellant, on the other hand, maintains that the case was tried below on the theory that appellee was a purchaser for value without notice; that it cannot now shift its ground or change the theory of the case, and by so doing sustain the judgment. The contention of appellant is not sustained by the record, which shows that the answer was amended, the defendant alleging that—

"On the 18th day of August, 1919, and for a long time prior thereto, Holbert was indebted to the defendant."

This allegation of indebtedness was not denied by the reply, and under it the position of the defendant as a creditor was admitted, and was afterwards passed upon by the trial judge in his findings of fact. The court found for the defendant in the terms of his allegation as follows:

"That at and for a long time prior to the 18th day of August, 1919, the said A. L. Holbert was indebted to and owed the defendant a sum exceeding $2,500, and on said 18th day of August, 1919, said A. L. Holbert, sold, assigned, transferred, and delivered to the defendant the automobile above described. * * *"

This finding, though not specific as to the exact time the debt was contracted, or the liability incurred, whether prior or subsequent to July 2, 1919, the date of the conditional sale contract, is sufficiently definite to uphold the view of the appellee that it was a subsequent general creditor.

"Whether a person is a prior or subsequent creditor in relation to the conveyance must be ascertained solely by reference to the time the debt was contracted or the liability incurred." Fraudulent Conveyances, 12 R. C. L. par. 29, and cases cited.

The question whether one is a prior or subsequent creditor in regard to an unrecorded conditional contract of sale is determined upon the same principle by reference to whether the indebtedness was contracted

or the liability incurred prior or subsequent to the execution of the unrecorded conditional sale contract. The appellant does not challenge the finding because it fails to specify the exact date when the indebtedness arose, nor did it ask for a finding on this particular point. Its sole contention seems to be that the defendant was not a bona fide purchaser, or a purchaser for value. It is not necessary to determine whether the defendant was or was not such a purchaser for value, because under the finding it is a subsequent creditor, and could recover as such. Unless we can hold that the words "that at and for a long time prior to August 18, 1919, said A. L. Holbert was indebted," etc., mean that the indebtedness arose prior to July 2, we are bound to hold that appellee is a subsequent general creditor.

[2] Under previous decisions of this court, in case of an uncertain, doubtful or ambiguous finding, we are bound to indulge every presumption in its favor to sustain the judgment.

"If there are doubts as to the meaning of any finding they must be resolved in support of the judgment." Zack Metal Co. v. Torpedo Copper Co., 17 N. M. 152, 125 Pac. 630.

"Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the trial court." Sandoval v. Unknown Heirs, 25 N. M. 536, 185 Pac 282, and cases cited.

[3] If error or prejudice is claimed in the judgment of the lower court, it must be shown on appeal. Goldenberg v. Law, 17 N. M. 552, 553, 131 Pac. 499; Eccles v. Ditto, 23 N. M. 235, 167 Pac. 726, L. R. A. 1918B, 126; State v. Jacoby, 25 N. M. 227, 180 Pac. 462.

For the reasons above stated, the decision of the lower court is affirmed; and it is so ordered.

PARKER and DAVIS, JJ., concur.