367 P.2d 708

**B. F. HEINE, Plaintiff-Appellant,**

v.

**S. E. REYNOLDS, State Engineer,
Defendant-Appellee.**

No. 6845.

Supreme Court of New Mexico.

Jan. 2, 1962.

John Jennings, Roswell, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Charles D. Harris, Sp. Atty. Gen., for appellee.

CARMODY, Justice.

Appellant, owner of an artesian water right in the Roswell Artesian Basin, made application to the state engineer, the appellee, to change the location of a well and the place of use of the water right. The application was denied by the appellee on the ground that it would impair existing rights. Appeal was taken by appellant-applicant to the district court of Chaves County under the provisions of §§ 75–11–10 and 75–6–1, N.M.S.A.1953.

The district court affirmed the denial of the application, and made the following pertinent findings of fact:

"3. That the State Engineer did not act arbitrarily, capriciously nor contrary to law in denying said application.

"4. That the granting of Appellant's application would not result in any measureable reduction in available water to existing water users; but the increased salt content of water from Applicant's well due to increased pumping in event application is granted, would impair existing rights."

Upon appellant's motion, finding No. 4 above was amended by the court in the following language:

"It Is, Therefore, the Order of the Court that the Court's Finding of Fact No. 4 be, and the same hereby is, amended to state that the impairment of existing rights referred to in the Court's original Finding of Fact No. 4 would not be a substantial impairment of those rights."

Appellant's single point on appeal is to the effect that § 75-11-7, N.M.S.A.1953, should be construed to include the bracketed word below. The pertinent part of § 75-11-7, N.M.S.A.1953, reads:

"The owner of a water right may change the location of his well or change the use of the water, but only upon application to the state engineer and upon showing that such change or changes will not [*substantially*] impair existing rights and to be granted only after such advertisement and hearing as are prescribed in the case of original applications."

Appellant argues that, on the basis of reasonableness, the word "substantially" must be construed to be inherent in the above statute. Otherwise, he argues, *any* impairment, even one *de minimus,* would be sufficient to sustain a denial of a change of location. The statute, of course, does not discuss *de minimus* impairments; it merely provides that the applicant must show that the change "will not impair existing rights." This showing is to be made to the state engineer. It appears that the state engineer has no authority, under the statute, to grant such a change if there is impairment to existing rights. Of what effect, then, are findings of the state engineer concerning the impairment of existing rights? Section 75-6-1, N.M.S.A.1953, reads in part:

"The proceeding upon appeal shall be de novo, except evidence taken in hearing before state engineer may be considered as original evidence, subject to legal objection the same as if said evidence was originally offered in such district court, * * *."

While there are no direct holdings by this court on this issue, we feel that we have sufficiently indicated, in the past, the path

we would choose when the issue was squarely presented. In Spencer v. Bliss, 1955, 60 N.M. 16, 287 P.2d 221, 228, we stated:

"A case much like the present and relied upon strongly by the defendant, is Manning v. Perry, 48 Ariz. 425, 62 P.2d 693, 695, mentioned next above. It contains language in which we can find little to criticize, if we should be called upon to speak decisively on the question discussed, as we are not in view of the conclusion reached. In that case the Supreme Court of Arizona, without denying the appeal to the district court character as a trial *de novo,* would decline to overturn the decision of the State Engineer, unless it 'be without support of the evidence, or is contrary to the evidence, or is the result of fraud or misapplication of the law.'

\* \* \* \* \* \*

"We are satisfied we need not here decide just what effect the decision of the State Engineer should be given in the *de novo* trial provided for the hearing of an appeal. \* \* \* We think we have demonstrated however, it will be an unfortunate day and event when it is established in New Mexico, that the district courts must take over and substitute their judgment for that of the skilled and trained hydrologists of the State Engineer's office in the ad-ministration of so complicated a subject as the underground waters of this state."

In Application of Brown, 1958, 65 N.M. 74, 332 P.2d 475, 479, the appellants drilled a new well on a new location and then sought the approval of the state engineer for the move. After publication and hearing, the state engineer granted the application for the change, over the objections of protestants-appellees. The latter's appeal to the district court was denied, and on appeal to this court we reversed and remanded the case to the district court. That court granted summary judgment for the appellees on the ground that the state engineer could not approve such an application, in effect, retroactively. On the second appeal to this court, we stated:

"Aside from any question as to whether the findings and order of the State Engineer disclose an impairment on their face, appellee urges that an impairment did in fact occur. This argument is premature in this Court inasmuch as the trial court has not yet determined *whether the findings and order of the State Engineer were arbitrary, capricious, unreasonable or not supported by substantial evidence.* This is the further proceeding which we had in mind when we remanded this cause to the district court." (Emphasis added.)

In Clodfelter v. Reynolds, 1961, 68 N.M. 61, 358 P.2d 626, 630, we stated:

" * * * As to point III(b), that the pumping of the proposed well will impair rights of others, we can only say that appellee concedes that it had the burden of establishing that the pumping of the new well will not impair existing rights. Spencer v. Bliss, 60 N.M. 16, 287 P.2d 221. However, the State Engineer is a highly qualified, able and competent engineer, acquainted with water problems. He heard the evidence and found that the diversion proposed in appellee's application will not impair the rights of any appellants, or any other existing rights to the use of public waters. The district court also found that no prior existing rights will be impaired by the pumping of the proposed well. This was a controverted issue in the case. We have reviewed the record and hold that the district court's findings are supported by substantial evidence."

In the instant case, though not called upon by appellant to do so, we have likewise examined the record and find the trial court's findings supported by substantial evidence. Finding No. 3, to the effect that the state engineer did not act arbitrarily, capriciously nor contrary to law, whether it be an ultimate finding or a conclusion of law, is amply supported by substantial evidence. Finding No. 4, as amended, must be considered in the sense that even though there is no substantial impairment of the existing rights, still there is impairment such as justified the state engineer in denying the application. Any other construction of this finding would make the same contrary to finding No. 3 and the judgment of the court, and we have consistently held that it is our duty to reconcile any doubt or inconsistency in the findings in favor of the judgment. Guaranty Banking Corp. v. Western Ice & Bottling Co., 1922, 28 N.M. 19, 205 P. 728; Tocci v. Albuquerque & Cerrillos Coal Co., 1941, 45 N.M. 133, 112 P.2d 515; and Hogan v. City of Hot Springs, 1954, 58 N.M. 220, 269 P.2d 1102.

The state engineer had a positive duty to determine if existing rights would be impaired; and having found that they would be, there is no necessity under the statute to further determine the degree or amount of impairment. The burden is on the applicant to show *no impairment* of existing rights (Spencer v. Bliss, supra; and In re Hobson, 1958, 64 N.M. 462, 330 P.2d 547), and this he has failed to do, under the findings of both the state engineer and the trial court. We cannot agree that the legislature intended to qualify the term "impairment" by adding "substantial" thereto.

The gradual increase of the salt content of the water in the Basin, due to increased pumping, could well prove to be disastrous to the entire Basin, even though the increase of the salt content attributable to one well would be very small. To judicially add the word "substantial" to the statute would make necessary a definition thereof, and would "cloud" the issue more than "clear" it. We are of the view that the question of impairment of existing rights is a matter which must generally depend upon each application, and to attempt to define the same would lead to severe complications.

Appellant has relied on Application of Boyer, 1952, 73 Idaho 152, 248 P.2d 540, 545, which concerned a change in point of diversion of surface waters and what *might* be the result if other similar changes were granted. The trial court had found that there was no substantial interdicting injury to others, and this finding was sustained by the Idaho Supreme Court. The court stated as follows:

"* * * as the evidence does not show other rights were immediately injured by this change, the mere fact that injury *might* result if other and subsequent similar changes of place of diversion and use were granted, is not a valid reason to reject respondent's application."

It is apparent that the case is not in point, because there the injury, if any, was speculative under the evidence, whereas in the instant case there is positive testimony as to the gradual increase of the salt content of the water resulting from the withdrawals from the Artesian Basin, which the state engineer obviously felt was an impairment of existing rights.

Appellant also cites Farmers' High Line Canal & Reservoir Co. v. Wolff, 1913, 23 Colo.App. 570, 131 P. 291, but we do not feel that the case is authority with reference to the controversy before us, because of the great divergence in the statutory procedure under the statutes then in force in Colorado.

From what has been said, therefore, it is apparent that the judgment should be affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.

CHAVEZ and MOISE, JJ., not participating.