750 P.2d 475

**In re the Application of PLAINS ELECTRIC GENERATION AND TRANSMISSION COOPERATIVE, INC. for Permit to Change Location of Well and Place and Purpose of Use of Ground Water, Nos. B–1003–AA Into B–87–B, et al., 1605 and B–979 Into B–87–B, et al., B–167–A Into 1605 and B–17.**

**UNITED STATES of America, Protestant–Appellant,**

v.

**PLAINS ELECTRIC GENERATION AND TRANSMISSION COOPERATIVE, INC., Applicant–Appellee,**

**and**

**S.E. Reynolds, New Mexico State Engineer, Respondent–Appellee.**

**Nos. 9356, 9357.**

Court of Appeals of New Mexico.

Feb. 2, 1988.

William L. Lutz, U.S. Atty., Herbert A. Becker, F. Henry Habicht, II, Asst. U.S. Attys., Albuquerque, Dirk D. Snel, Peter C. Monson, Laura E. Frossard, Dept. of Justice, Washington, D.C., for protestant-appellant U.S.

Sunny J. Nixon, Patricia J. Turner, Rebecca Dempsey, Stephenson, Carpenter, Crout & Olmsted, Santa Fe, for applicant-appellee Plains Elec. Generation & Transmission Co-op., Inc.

Eric R. Biggs, Sp. Asst. Atty. Gen., Santa Fe, for respondent-appellee S.E. Reynolds.

## OPINION

MINZNER, Judge.

Protestant (the United States) appeals from district court decisions affirming the State Engineer, who had approved several applications by applicant (Plains Electric) to change the location and use of various water rights totalling 210.265 acre feet per year. With respect to both decisions, the United States claims that (1) the trial court erred in determining Plains Electric had established it would put the water rights to beneficial use in the new location, and (2) the trial court erred in sustaining Plains Electric's objections to certain questions posed by the United States to Plains Electric's hydrologist. Having reviewed the record, and after oral argument, we now affirm.

**ISSUE I.**

■ Plains Electric made three applications to transfer water rights pursuant to NMSA 1978, Section 72–12–7 (Cum.Supp. 1987), as it read prior to amendment in 1985. *See* 1971 N.M. Laws, ch. 134, § 4. Under that statute, "[t]he owner of a water right may change the location of his well or change the use of the water, but only upon application to the state engineer and upon showing that the change will not impair existing rights * * *." *Id.* The parties seem to agree that in any proceeding under this statute the applicant must demonstrate that the change in use is to a beneficial use. The statutes and the New Mexico

Constitution support such a conclusion. *Compare id. and* NMSA 1978, § 72-12-3(A)(2) (Repl.1985) (expressly requiring applicant to designate the beneficial use to which water will be applied) *with* N.M. Const. art. XVI, § 3 *and* NMSA 1978, § 72-12-2 (Repl.1985) (declaring that beneficial use is the basis, measure and limit to the right to use water). The parties disagree, however, as to the amount of proof required to establish that the new use will be beneficial.

The United States contends the evidence showed Plains Electric had obtained the transfer of more water rights than it could or would use at the new location. The United States requested a finding to this effect, which the trial court rejected. That finding read as follows:

> 6. The State Engineer has granted applications for more water than Plains can beneficially use for its identified purpose. (Testimony of Fred Allen). Approval of the instant applications by the State Engineer constitutes waste, since Mr. Allen could identify no existing or planned beneficial use for quantities of water exceeding 3,553 AFY.

The court ultimately found that "[t]he industrial use permitted by the approved application is a beneficial use." The question on appeal is whether there is substantial evidence to support the trial court's finding.

The United States' brief focuses on the present needs of the generating station to which Plains Electric sought to move the water rights at issue. However, there was evidence below from which the trial court was entitled to find that these water rights would be put to use within a reasonable time as the needs of the generating station increased. This evidence was sufficient to support his finding on beneficial use. *Cf. State ex rel. State Engineer v. Crider,* 78 N.M. 312, 431 P.2d 45 (1967) (cities had right to appropriate water in artesian basin for future use subject to condition that water be applied to beneficial use within a reasonable time).

At oral argument, the United States contended that the evidence as to future use was too speculative. On appeal of a trial court judgment, an appellate court resolves all disputed facts in favor of the successful party, indulges all reasonable inferences in support of the verdict, and disregards all evidence and inferences to the contrary. *Clovis Nat'l Bank v. Harmon,* 102 N.M. 166, 692 P.2d 1315 (1984).

The record contains a copy of a Certificate of Public Convenience and Necessity issued by the New Mexico Public Service Commission. The certificate states that Plains Electric will "construct, operate and maintain the Escalante Generation and Transmission Project, initially consisting of PEGS [Plains Escalante Generation Station] (210 MW (net) coal fired unit)." While the certificate authorizes construction of a particular unit, it supports an inference that Plains Electric has definite and certain plans to construct other units.

There was testimony at trial that the project was ultimately designed to generate one thousand megawatts, that Unit 1 requires a total consumptive use of 3,553 acre feet of water per year, and that Plains Electric had acquired a total of 4,300 acre feet per year for use at the project. There was also testimony that the 210.265 acre feet per year at issue were to be used for industrial purposes in the generation of electricity. The testimony supports an inference that the rights at issue in this case would be used as soon as the project was expanded in any significant way.

In addition, the State Engineer approved both applications but required that "[p]roof of application of water to beneficial use shall be filed on or before January 1, 1989." Apparently he found that the evidence as to future use was not too speculative. His opinion is entitled to some weight. *See Spencer v. Bliss,* 60 N.M. 16, 287 P.2d 221 (1955). We observe that non-use can result in forfeiture. *See* NMSA 1978, § 72-12-8 (Cum.Supp.1987).

Given the standard of review, the evidence as to future use was sufficient. We affirm as to this issue.

**ISSUE 2.**

At trial, the United States attempted to cross-examine Plains Electric's hydrologist

concerning the effects of the prior transfers by which Plains Electric had acquired 3,553 acre feet per year. The trial court ruled several questions were irrelevant.

Plains Electric contends that under Section 72–12–7 the questions in controversy were irrelevant, because the issue is whether approval of the applications under consideration would impair existing rights. *See City of Roswell v. Berry*, 80 N.M. 110, 452 P.2d 179 (1969); *Heine v. Reynolds*, 69 N.M. 398, 367 P.2d 708 (1962). We agree.

▮▮▮ The determination of relevancy, as well as materiality, rests largely within the discretion of the trial court. *Wilson v. Hayner*, 98 N.M. 514, 650 P.2d 36 (Ct.App. 1982). Relevant evidence means evidence having any tendency to make the existence of any fact of consequence to resolution of the action more probable or less probable than it would be without the evidence; the problem must be decided on a case-by-case basis. *Id.;* SCRA 1986, 11–401. We cannot conclude that the trial court erred in making the rulings challenged.

The United States contends that the cumulative use by Plains Electric of the water rights needed for Unit 1 and the water rights at issue in this case was relevant to the question of impairment. None of the questions in controversy clearly raises this issue. First, the expert was asked whether he had "studied the effects of the transfer of 3,553 acre feet of water." The expert was also asked whether he had "attempt[ed] to find out what impacts are going on in the system" before he "looked at the new transfers." Later, he was asked if he had considered "the permitted rights." In order to ensure that the trial court understood the United States intended to pursue the issue raised on appeal, and thus to preserve it for review, an offer of proof would have been appropriate. *See Williams v. Yellow Checker Cab Co.*, 77 N.M. 747, 427 P.2d 261 (1967). None was made.

Furthermore, there was sufficient testimony in the record for the trial court to appreciate the basis of the expert's opinion. It is clear he had constructed a model for simulating the hydrologic effects of the requested changes. The model assumes that the rights being transferred were in use at the "move from" location and the effects of future use at the "move to" location can be offset by discontinuing use at the "move from" location. Actual use at either location was not considered relevant. Under these circumstances, the benefit of further cross-examination is not apparent. Harmless error in the exclusion of evidence cannot be the basis for a new trial. *See City of Albuquerque v. Ackerman*, 82 N.M. 360, 482 P.2d 63 (1971). In the absence of prejudice, the United States has not established reversible error. *See Doe v. City of Albuquerque*, 96 N.M. 433, 631 P.2d 728 (Ct.App.1981).

The question of impairment of existing rights "is a matter which must generally depend upon each application, and to attempt to define the same would lead to severe complications." *Heine v. Reynolds*, 69 N.M. at 402, 367 P.2d at 711. We do not reach the sufficiency of the evidence to establish impairment because that is not the argument made on appeal. We note, however, that the State Engineer in this case, after a hearing, found no impairment. His finding is considered strong evidence. *Stokes v. Morgan*, 101 N.M. 195, 680 P.2d 335 (1984).

We conclude that the United States has not demonstrated reversible error. Thus, we affirm as to the second issue.

**CONCLUSION.**

There being substantial evidence to support the challenged finding of fact, and the United States having failed to demonstrate reversible error with respect to the challenged evidentiary ruling, we affirm. No costs are awarded.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.