822 P.2d 126

**Charles HYDE and Lucia Hyde, and the Espinoza Road Association, Petitioners–Appellees,**

v.

**TAOS MUNICIPAL–COUNTY ZONING AUTHORITY and its Members, Michael G. Trujillo, Manuel P. Trujillo, Lawrence C. Gallegos, Espil Montoya; Eloy Jeantete, Mayor, Allen Vigil, Code Administrator, Town of Taos; and Sam Lucero, Jr., Real Party in Interest, Respondents–Appellants.**

No. 12462.

Court of Appeals of New Mexico.

Sept. 27, 1991.

Certiorari Denied Nov. 26, 1991.

Stephen Natelson, Natelson & Ross, Taos, for petitioners-appellees.

Bruce A. Kelly, Dennis Manzanares, Taos, for respondents-appellants.

Andres S. Vargas, Taos, for real party in interest.

## OPINION

BIVINS, Judge.

Respondents, the Taos Municipal–County Zoning Authority (the TMZA) and Sam Lucero appeal from a district court judgment reversing a decision of the TMZA which had approved a zoning amendment application made by Lucero for a mobile home planned unit development (the PUD). They raise three issues: (1) whether petitioners had standing to challenge the decision of the TMZA; (2) whether the district court erred in determining that Lucero's plan did not include a "community park" water and/or sewer system and did not otherwise conform to the relevant requirements; and (3) whether the district court erred in awarding costs to petitioners absent a finding of gross negligence, bad faith or malice. We assume, without deciding, that petitioners have standing and therefore reach the merits of the issue of whether to affirm the TMZA's approval of the zoning amendment. Because we find the TMZA's decision legal, we reverse the district court and affirm the TMZA's decision. We need not reach the issue of costs.

Petitioners claimed in their petition to the district court for a writ of certiorari that the TMZA's decision was illegal be-cause Lucero planned to provide water to the mobile home rental units from an individual domestic well and because he intended to provide sewage disposal service by use of one septic tank to which all of the units would be connected. Thus, petitioners sought reversal of the TMZA's decision on the ground that Lucero's septic system amounts to an "on-site sewage disposal system" and that the PUD would lack the required "park maintained community water and sewer system." On this basis, petitioners argued to the district court that the sewage system failed to comply with the applicable provision of the Land Use Development Code (LUDC), Article III, Section 13.3.7a, which requires "a park maintained community water and sewer system" and prohibits "individual wells or on-site sewage disposal systems" for mobile home parks. Consequently, according to petitioners, the provisions of the LUDC precluded the TMZA from approving the application. The district court agreed, applying the definition of "community water system" from the Regulations Governing Water Supplies, New Mexico Environmental Improvement Board (EIB 1988), to the LUDC and found for petitioners. The sole issue on appeal is the construction of Section 13.3.7a.

This appeal is authorized by NMSA 1978, Section 3–21–9 (Repl.Pamp.1985). On appeal, pursuant to Section 3–21–9, an appellate court conducts the same review as the district court. Under the applicable standard of review, this court must determine if the TMZA's decision was legal, that is, whether the TMZA acted within the scope of its authority, whether it acted fraudulently, arbitrarily, or capriciously, and whether its decision was supported by substantial evidence. § 3–21–9(A); *Downtown Neighborhoods Ass'n v. City of Albuquerque*, 109 N.M. 186, 783 P.2d 962 (Ct.App.1989). This court, as well as the district court, must review the actions taken by the TMZA with deference to the interpretation it gives to its own ordinance. *See Klumker v. Van Allred*, 112 N.M. 42, 811 P.2d 75 (1991); *Downtown Neighborhoods Ass'n v. City of Albuquerque.*

We first review the TMZA's decision. Lucero had one well and one septic

tank to accommodate the four mobile home units to be built on the property. Lucero intended to rent the units and maintain the water and sewer systems. After public hearing and consideration of documentation, the TMZA found that Lucero had an on-site well and sewer system that the EIB approved, and that his application met all requirements of the LUDC. The TMZA therefore concluded that Lucero had a "park maintained community water and sewer system", and that Lucero's application should be approved.

As we do not find Section 13.3.7a ambiguous, we apply the plain meaning rule to its terms. *See State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 749 P.2d 1111 (1988). We read Section 13.3.7a to prohibit a single well and a single septic tank for each unit in the PUD. We believe the intent of the ordinance was to prohibit multiple wells and septic tanks in small or congested areas. *California ex rel. Dept. of Transp. v. United States*, 561 F.2d 731 (9th Cir.1977) (an administrative construction of a regulation is the best evidence of the agency's intent in adopting that regulation). Thus, section 13.3.7a precludes only individual on-site systems in a PUD. That section does not prohibit a park maintained, on-site, community sewage system which meets the other requirements of LUDC, and which assures a higher level of health and safety than do individual systems, and which meets the other requirements of LUDC. We accord substantial weight to the TMZA's finding that Lucero had a "park maintained community water and sewer system." *See Klumker v. Van Allred; In re Application of Plains Elec. Generation & Transmission Coop., Inc.*, 106 N.M. 775, 750 P.2d 475 (Ct.App.1988) (finding of agency considered strong evidence). The TMZA's determination that the PUD complied with the LUDC was reasonable, supported by substantial evidence, and within the TMZA's authority.

The district court found that for there to be a "community system," the system must meet the definition of "community" as set forth in the EIB regulations. The EIB regulations define "community" as a system serving at least fifteen units. The LUDC neither defines "community" nor refers to the EIB regulations for guidance in interpreting its provisions. The EIB definition of "community" is inapposite as applied to the LUDC. We do not believe this was the intended result of Section 13.3.7a. A contrary reading of Section 13.3.7a could effectively foreclose development of any PUDs with less than fifteen units.

We think it is significant that while the district court looked to EIB regulation Part I, section 101(D) to find the proposed project was not a "community water system," the EIB reviewed and approved the proposed water and sewer plan. Presumably the EIB did not think the project violated its regulations. *California ex rel. Dept. of Transp. v. United States.* Such interpretation is entitled to deference. *Klumker v. Van Allred.* Nor are we persuaded by petitioner's argument that the EIB only approved Lucero's application as an individual liquid waste system. A review of the approval makes it clear that Lucero fully revealed his proposal to allow up to four mobile homes to use the system.

Moreover, the district court's reading fails to give effect to the intent of the legislation. *See State ex rel. Klineline v. Blackhurst.* We presume that the purpose of the adoption of the LUDC was to give the TMZA authority to provide for land use planning within its jurisdiction. Adopting the EIB definition of community to circumscribe the TMZA's authority contravenes that purpose.

We hold the TMZA's decision was within the scope of its authority, was supported by substantial evidence, and was reasonable. As its approval of the application was legal, we affirm its decision and reverse the district court. Respondents shall recover their costs on appeal. Both sides requested oral argument. The court does not deem it necessary. *See* SCRA 1986, 12–214(A).

IT IS SO ORDERED.

MINZNER and BLACK, JJ., concur.