This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ALBUQUERQUE-BERNALILLO COUNTY**
**WATER UTILITY AUTHORITY,**

     Petitioner-Appellee,

v.                     **NO. 31,861**

**NEW MEXICO STATE ENGINEER, and**
**HERK RODRIGUEZ d/b/a NEW MEXICO**
**LAND AND WATER CONSERVANCY, LLC,**

     Respondents-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Theresa M. Baca, District Judge**

Stein & Brockmann, P.A.
Jay F. Stein
Seth R. Fullerton
Santa Fe, NM

Charles W. Kolberg
Albuquerque, NM

for Appellee

DL Sanders, Special Assistant Attorney General
Santa Fe, NM

Law Offices of Randall W. Childress, P.C.

Stacey J. Goodwin

Santa Fe, New Mexico

for Appellant State Engineer

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     This is a water dispute addressing whether the provisions for forfeiture or abandonment should be applied when a governmental entity intentionally holds water rights unused for an extended period of time.  The New Mexico State Engineer has conceded the forfeiture issue previously identified during the administrative transfer proceedings.  The State Engineer appeals the grant of summary judgment in favor of the Albuquerque-Bernallilo County Water Utility Authority (the Water Authority) and denial of summary judgment in favor of the State.  We conclude that there are no contested issues of material fact regarding the intent element of abandonment and affirm the district court's summary judgment ruling.  As a jurisdictional matter, we reverse the district court's order that effectuates an issuance of a transfer permit to the Water Authority and remand this matter to the State Engineer to issue the transfer permit.

**FACTS**

{2}     This case arises from an administrative proceeding (the Transfer Hearing) where the Water Authority sought to change the purpose and place of use for certain

water rights that it held for several decades. The Water Authority had not used the water rights at issue for approximately forty years because they were appurtenant to irrigated land that was dedicated to the applicable governmental entity for use as a right of way. Shortly thereafter, permanent roadways were installed over this particular property and its use as irrigated land ceased.

{3} Following published notice of the Water Authority's transfer application, one protest was filed by an individual citizen who is not a party to this appeal. At the Transfer Hearing, both the Water Authority and the Water Right's Division of the Office of the State Engineer (WRD) argued in favor of Water Authority's application and proposed transfer of the water rights. In the State's subsequent motion for summary judgment, the State Engineer specifically acknowledged that WRD had agreed with the Water Authority during the Transfer Hearing and previously stated that the water rights were both "valid and transferable." The citizen who submitted the initial protest presented no evidence at the Transfer Hearing. Despite WRD's approval of the transfer and the lack of any evidence submitted by the citizen protestant, the hearing examiner designated by the State Engineer (the Hearing Examiner) recommended a denial of the Water Authority's transfer application on the basis of forfeiture. *See* NMSA 1978, § 72-5-28(C) (2002).

3

{4} In its recommendation, the Hearing Examiner specifically recognized that NMSA 1978, Section 72-1-9 (2006) authorizes a municipality to hold water rights unused for a forty-year planning period. The Hearing Examiner also noted that the Water Authority's existing water resources management strategy could "reasonably be considered a water development plan" as authorized by Section 72-1-9. In 2001, however, the then water rights division director for the State Engineer, Paul Saavedra, issued a memorandum (the Saavedra Memo) regarding surface water rights in the Middle Rio Grande Conservancy District. Since the Saavedra Memo, the Hearing Examiner indicated that it has been the practice of the State Engineer to "limit the quantity of water rights allowed to be transferred to that amount that has been continuously placed to beneficial use and [to] not allow transfers of claimed rights appurtenant to lands that are covered by buildings and roads."

{5} Based upon the Saavedra Memo and Section 72-5-28(C), the Hearing Examiner recommended that the Water Authority had failed to prove the existence of a transferable water right. It explained, "[Section] 72-5-28(C) does not countenance recognition of a claimed water right declared appurtenant to lands that have been paved over and have not been irrigated for more than forty years." The Saavedra Memo was not submitted into evidence or judicially noticed as part of the record or arguments by the parties at any time, either before or after the Transfer Hearing. The

unsolicited reference to the Saavedra Memo arose exclusively in the findings of fact issued by the Hearing Examiner. The State Engineer ultimately accepted and adopted the report and recommendation of the Hearing Examiner (the Transfer Decision).

{6} The Water Authority appealed the Transfer Decision to the district court for a trial de novo. Both the State Engineer and the Water Authority filed motions for summary judgment. The State Engineer conceded that the claimed water rights had not been forfeited under Section 72-5-28(C), but argued that the water rights were abandoned as a matter of law because they had not been put to beneficial use for more than forty years. The Water Authority responded that the doctrine of abandonment was inapplicable and unsupported by the record at the Transfer Hearing.

{7} The district court found that the Transfer Decision was not supported by the administrative record and concluded that there was no evidence presented at the Transfer Hearing addressing any intent to abandon the claimed water rights by the Water Authority. As a result, the court denied the State Engineer's motion for summary judgment and granted the Water Authority's motion for summary judgment along with its application to change the use and purpose of the claimed water rights at issue. In its order, the district court also issued a permit to the Water Authority with conditions of approval of its application. The State Engineer timely appealed the district court's decision to this Court.

## DISCUSSION

{8}     The State Engineer argues that the district court erred in denying its motion for summary judgment and simultaneously granting the Water Authority's motion for summary judgment.  In support of its position, the State Engineer makes two arguments and one alternative claim of error.  It argues that:  (1) the Water Authority abandoned the water rights as a matter of law, and (2) there were disputed issues of material fact.  Even if summary judgment in favor of the Water Authority was proper, the State Engineer alternatively claims that the district court exceeded its jurisdiction when it issued the actual transfer permit in its final order.  We shall address each issue in turn.

### Summary Judgment

{9}     We review de novo a district court's grant of summary judgment, construing the evidence most favorably to the non-moving party. *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971; *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146.  "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582.  "If the facts are undisputed and only a legal interpretation of the facts remains, summary judgment

6

is the appropriate remedy." *Bd. of Cnty. Comm'rs v. Risk Mgmt. Div.*, 1995-NMSC-046, ¶ 4, 120 N.M. 178, 899 P.2d 1132. "Summary judgment should not be granted when material issues of fact remain or when the facts are insufficiently developed for determination of the central issues involved." *Vieira v. Estate of Cantu*, 1997-NMCA-042, ¶ 17, 123 N.M. 342, 940 P.2d 190.

## I.      State Engineer's Forfeiture and Abandonment Arguments

{10}     We first address the State Engineer's argument that the district court erred in denying its motion for summary judgment on the theory of abandonment. Initially, we note that the State Engineer again conceded at oral argument that a forfeiture pursuant to Section 72-5-28(C) was not a proper basis to deny the Water Authority's transfer application or affirm the Transfer Decision. The State Engineer only argues that the Hearing Examiner correctly determined that the Water Authority had abandoned the applicable water rights by non-use. The Water Authority responds that abandonment was not raised during the Transfer Hearing and that any decision by the State Engineer that was based upon the legal theory of abandonment was not supported by the record.

{11}     The first step of our analysis is to determine whether the State Engineer presented evidence to the Hearing Examiner demonstrating that the Water Authority abandoned its water rights by non-use. *See Lion's Gate Water v. D'Antonio*,

7

2009-NMSC-057, ¶ 17, 147 N.M. 523, 226 P.3d 622 (limiting the district court's de novo review of a State Engineer's order to the issues presented before the State Engineer). Abandonment arises from the intent of an owner to relinquish a water right and return it to the public domain for use by others. *See State ex rel. Reynolds v. S. Springs Co.*, 1969-NMSC-023, ¶ 10, 80 N.M. 144, 452 P.2d 478 (holding that the critical factor in abandonment cases is the owner's intent to relinquish the water right). Our review of the record indicates that no facts or argument related to abandonment by the Water Authority were presented to the Hearing Examiner.

{12}    Both the Water Authority and WRD submitted evidence to the Hearing Examiner demonstrating that the water rights were valid and the standards governing transfers were satisfied. The Hearing Examiner recognized that the Water Authority was statutorily entitled to hold the water right unused for a forty-year planning period and that Water Authority had implemented a water development plan sufficient to meet the requirements of the statutorily authorized planning period. *See* § 72-1-9. Because the Hearing Examiner was not presented with any evidence regarding abandonment, it did not make any findings regarding abandonment or any intention by the Water Authority to abandon its water rights. *See* NMSA 1978, § 72-2-17(B)(1), (6) (1965) (requiring that all parties have the opportunity to "present evidence and argument on all issues involved" and that the hearing examiner base its

8

findings of fact "*exclusively* on the evidence and on matters officially noticed" (emphasis added)). Instead, due to a perceived forfeiture under the Saavedra Memo, the Hearing Examiner relied on Section 75-5-28(C) to determine that the water rights at issue were no longer in existence. With the forfeiture issue conceded by the State Engineer and the lack of any record regarding the Saavedra Memo, the Hearing Examiner's Transfer Decision and legal conclusions are not supported by the record and are contrary to the exclusivity requirement outlined in Section 72-2-17(B)(6).

{13} On appeal, the State Engineer is now asking this Court to ignore the Hearing Examiner's findings and its reliance on the Saavedra Memo. Instead, it has redirected its argument to Section 72-1-9 and the authorized forty-year planning period for the Water Authority to hold unused water rights for its reasonably projected additional needs. It then attempts to translate this planning period analysis into a new theory of abandonment. But the State Engineer concedes that this new legal argument was never raised before the Hearing Examiner or the district court. As a result, the State Engineer failed to preserve this argument for review on appeal. *Guest v. Berardinelli*, 2008-NMCA-144, ¶ 36, 145 N.M. 186, 195 P.3d 353 ("[We] do not consider arguments raised in a reply brief for the first time."); *see* Rule 12-213(C) NMRA ("The appellant may file a brief in reply to the answer brief. Such brief . . . shall reply only to arguments or authorities presented in the answer brief."). Accordingly, in the

9

absence of any remaining arguments regarding the Hearing Examiner's reliance on the Saavedra Memo in violation of Section 72-2-17(B), the State Engineer has failed to demonstrate that it was entitled to summary judgment. *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("If the facts are not in dispute, and only their legal effects remain to be determined, summary judgment is proper.").

{14}     Accordingly, we conclude that an abandonment claim that was based upon a possible statutory construction of Section 72-1-9 was not at issue before the Hearing Examiner. We further agree with the Water Authority that the Transfer Hearing record does not support the State Engineer's order accepting and adopting the Transfer Decision. As a result, the State Engineer's new abandonment theory was not preserved for review by the district court. *See Lion's Gate Water*, 2009-NMSC-057, ¶¶ 28-30 (refusing "to equate a de novo scope of appellate review with a district court's original jurisdiction" when hearing a case as an original action because doing so "would defeat the administrative process for water rights applications" and "create a short circuit in the administrative process"). We affirm the district court's denial of the State Engineer's motion for summary judgment.

## II.     The State Engineer's Material Issues of Fact Argument

{15}     We address the State Engineer's argument asserting that disputed issues of material fact would prevent the Water Authority from prevailing on its motion for

summary judgment. *See S. Springs Co.*, 1969-NMSC-011, ¶ 8. The State Engineer asserts that it disputed issues of material fact relied upon by the Water Authority and that its material issues of fact were the only undisputed facts before the district court. In addressing the State Engineer's contention, this Court does not rule on issues of fact but rather determines if disputed issues of material fact exist. *Blauwkamp v. Univ. of N.M. Hosp.*, 1992-NMCA-048, ¶ 9, 114 N.M. 228, 836 P.2d 1249.

{16}    In this case, the Water Authority held its unused water rights for forty plus years because the water rights were appurtenant to land that had been paved over as permanent roads within its rights of way. Although unused, the record is replete with undisputed evidence that the water rights were not ignored. The water rights were instead regularly addressed by the Water Authority.

{17}    The State Engineer relies upon the contention that the forty-year time period for non-use, standing alone, is sufficient to legally establish an abandonment and affirmatively prove an intent to abandon by the Water Authority. *See* Section 72-1-9 (authorizing a municipality to hold water rights unused for a forty-year planning period). This contention is contrary to our established authority. *S. Springs Co.*, 1969-NMSC-023, ¶ 18 ("[N]on[-]use alone is not sufficient to show intent to abandon."). These uncontested facts do not establish that summary judgment must be denied as a matter of law. Combined with the undisputed facts regarding the Water

Authority's efforts to address these water rights, the district court was able to conclude that the Water Authority presented sufficient evidence to meet its prima facie burden regarding the validity of its water rights. *Roth*, 1992-NMSC-011, ¶ 17 ("The movant need only make a prima facie showing that he is entitled to summary judgment."). Accordingly, the State Engineer then had the burden "to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* But State Engineer presented no evidence and only argued that the critical undisputed facts supported its legal position regarding a claim of abandonment.

**{18}** Although the State Engineer argues that disputed issues of material fact exist, its appeal addresses only the legal effect of the undisputed facts. *See Clough v. Adventist Health Sys., Inc.*, 1989-NMSC-056, ¶ 7, 108 N.M. 801, 780 P.2d 627 ("[M]ere argument or bare contentions of the existence of a material issue of fact is insufficient."); *Spears v. Canon de Carnue Land Grant*, 1969-NMSC-163, ¶ 12, 80 N.M. 766, 461 P.2d 415 ("Mere argument or contention of existence of material issue of fact . . . does not make it so. The party opposing a motion for summary judgment cannot defeat the motion . . . by the bare contention that an issue of fact exists, but must show that evidence is available which would justify a trial of the issue." (citation omitted)); *Schmidt v. St. Joseph's Hosp.*, 1987-NMCA-046, ¶ 5, 105 N.M. 681, 736 P.2d 135 (stating that "a general allegation without an attempt to show the existence

of those factual elements comprising the claim or defense" is insufficient to overcome a motion for summary judgment (internal quotation marks and citation omitted)). In the absence of a genuine issue of material fact and the State Engineer's failure to offer any evidence to rebut the Water Authorities prima facie case to establish the validity of its water rights, we affirm the district court's grant of summary judgment in favor of the Water Authority. *See Gardner-Zemke Co. v. State*, 1990-NMSC-034, ¶ 11, 109 N.M. 729, 790 P.2d 1010 (holding that summary judgment is proper if the facts are not in dispute, and only their legal effects remain to be determined).

**Jurisdiction to Issue the Transfer Permit**

{19} Having affirmed the summary judgment decision of the district court, we must address whether the district court exceeded its jurisdiction when it issued a transfer permit to the Water Authority. We agree with the State Engineer regarding this jurisdictional issue. Consistent with our Supreme Court's holding in *Lion's Gate Water*, we reverse the portion of the district court's order issuing a transfer permit to the Water Authority and remand this matter to the State Engineer to issue the necessary transfer permit to the Water Authority. *See* 2009-NMSC-057, ¶¶ 31-33.

{20} In *Lion's Gate Water*, our Supreme Court concluded that the district court had exceeded its jurisdiction by examining the merits of an application to appropriate water where the State Engineer's decision reached only the threshold issue of whether

13

water was available for appropriation. *Id.* ¶¶ 28-30. The holding limited the scope of the district court's de novo review to "avoid[] the 'absurd' and 'unreasonable' result that would ensue if water rights applicants, seeking a more favorable outcome, could transform district courts into general administrators of water rights applications by forcing district courts, rather than the State Engineer, to consider on appeal the [original] merits of their applications." *Id.* ¶ 29. We acknowledge that the context and the specific facts of the present case are somewhat distinguishable from *Lion's Gate Water*, but the general principle is consistently applied in both cases. *See id.* ¶ 24 ("The general purpose of the water code[ is the] grant of broad powers to the State Engineer, especially regarding water rights applications[.]").

{21}     In this case, the district court properly ruled on the threshold issue of the validity of the water rights proposed to be transferred. But the State Engineer did not consider the appropriate permit conditions, if any, because it made a threshold determination that the Water Authority did not have a valid transferable water right. Any original determination of the appropriate conditions to be placed on the transfer permit presently remain within the State Engineer's original jurisdiction. *See City of Roswell v. Berry*, 1969-NMSC-033, ¶ 6, 80 N.M. 110, 452 P.2d 179 (noting that the State Engineer has the authority to approve an application subject to conditions). Under the circumstances, allowing the district court to have original jurisdiction to

14

create the appropriate permit conditions "would defeat the administrative process for water rights applications designed and articulated by the Legislature." *Lion's Gate Water*, 2009-NMSC-057, ¶ 29. We remand the matter to the State Engineer to issue the appropriate transfer permit and impose the proper permit conditions.

**CONCLUSION**

{22}    Consistent with our decision set forth above, we affirm in part, reverse in part, and remand to the State Engineer for the issuance of the transfer permit.

{23}    **IT IS SO ORDERED.**


_____
**TIMOTHY  L. GARCIA,  Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**

15